

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PATRICK JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:11-CV-786-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Patrick Johnson, a state prisoner who was incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), against Rick Thaler, Director of TDCJ, respondent. Petitioner has been released from TDCJ to a halfway house in Fort Worth, Texas. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

On May 25, 2005, a jury found petitioner guilty of delivery of a controlled substance, cocaine, of less than one gram,

enhanced by two prior state jail felony convictions, in the 372nd District Court of Tarrant County, Texas, and assessed his punishment at 10 years' confinement. (State Habeas R. at 59) On September 20, 2006, the Second District Court of Appeals of Texas affirmed the trial court's judgment. (*Id.* at 63-64) Petitioner did not file a petition for discretionary review; thus his conviction became final under state law thirty days later on October 20, 2006. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). He filed a state habeas application challenging his conviction on October 24, 2011, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court. (*Id.* at cover) This petition, deemed filed on October 26, 2011, followed. (Pet. at 9) *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). As directed, respondent has filed a preliminary response addressing only the statute of limitations, wherein he contends the petition is untimely.

## II. Statute of Limitations

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

(1) A 1-year period of limitations shall apply to

2

an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, petitioner's conviction became final on October 20, 2006,

triggering the one-year limitations period, which expired one year later on October 20, 2007, absent any tolling. *See Roberts*, 319 F.3d at 694.

Petitioner's state habeas application filed on October 24, 2011, after limitations had expired, did not operate to toll the limitations period under the statutory provision. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner replied to respondent's preliminary response or otherwise alleged and demonstrated rare or exceptional circumstances warranting tolling as a matter of equity. *See Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2552 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Petitioner's federal petition was due on or before October 20, 2007, therefore his petition filed on October 26, 2011, is over four years late.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases

in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right or demonstrated that his petition should not be dismissed as untimely and procedurally barred.

SIGNED March ___7___, 2012.

/s/ John McBryde
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE